**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sean Plas,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No. CV-20-00286-TUC-DCB (LAB)<br><br>**ORDER** |

On June 22, 2021, Magistrate Judge Leslie A. Bowman issued a Report and Recommendation (R&R), (Doc. 24), pursuant to the Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a). She recommends that this case be remanded to the Commissioner of the Social Security Administration for further proceedings. She found the Administrative Law Judge (ALJ) erred at step three of the disability analysis because there was not substantial evidence to support his conclusion that Plas does not meet the "C2" criteria of Listing 12.06. 20 C.F.R. § Pt. 404, Subpt. P, App. 1. The Commissioner has acknowledged several listed impairments that preclude substantial gainful activity and result in an award of disability benefits. Plaintiff alleges disability due to Asperger's Syndrome, Bi-Polar Disorder, Oppositional Defiant Disorder, Attention Deficit Disorder, and Social Anxiety Disorder. Listing 12.06 includes Anxiety and obsessive-compulsive disorders, if satisfied by A and B, or A and C criteria.

STANDARD OF REVIEW

The duties of the district court, when reviewing a R&R by a Magistrate Judge, are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b), 28 U.S.C. § 636(b)(1). When the parties object to a R&R, "[a] judge of the [district] court shall make a de novo determination of those portions of the [R&R] to which objection is made." *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)). When no objection is filed, the district court does not need to review the R&R de novo. *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir.2003) (en banc).

The parties were sent copies of the R&R and instructed they had 14 days to file written objections. 28 U.S.C. § 636(b), *see also*, Federal Rule of Criminal Procedure 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). To date, no objections have been filed.

REPORT AND RECOMMENDATION

The R&R explains the reasons why the administrative record compiled by the ALJ does not substantially support his step 3 decision that the severity of Plaintiff's claimed disability does not meet the C2 criteria for Listing 12.06, Anxiety and obsessive-compulsive disorders. At step three of the disability analysis, the ALJ must determine whether the claimant's impairment meets or equals one of several listed impairments. For Listing 12.06, the ALJ considered Plaintiff's impairment as "serious and persistent" under subsection C as being medically documented over a period of two years. He found under C1 that there was evidence of medical treatment, mental health therapy, etc that diminishes the symptoms and signs of his mental disorder. The ALJ found, however, that the Plaintiff did not meet the C2 criteria of "marginal adjustment, that is, [having] minimal capacity to adapt to changes in [his] environment or to demands that are not already part of [his] daily life ("see 12.00G2c)." (R&R (Doc. 24) at 8.)

The Magistrate Judge explained in detail why as a matter of law and fact the evidence relied on by the ALJ did not support his C2 conclusions. On remand, the ALJ shall redo the step 3 disability analysis in accordance with the findings and explanations made in the R&R.

As noted above, the Court makes a de novo determination of those portions of the report where there is an objection, and when no objection is made, arguments to the contrary are waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); see also, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation). Where there are no objections and review is waived, the Court nevertheless reviews at a minimum, de novo, the conclusions of law. *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) (citing *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998) (conclusions of law by a magistrate judge reviewed de novo); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991) (failure to object standing alone will not ordinarily waive question of law, but is a factor in considering the propriety of finding waiver)).

## CONCLUSION

The Court finds the R&R to be thorough and well-reasoned, without any clear error in law or fact. *See United States v. Remsing*, 874 F.2d 614, 617-618 (9th Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(A) as providing for district court to reconsider matters delegated to magistrate judge when there is clear error or recommendation is contrary to law)). The Court accepts and adopts the R&R as the opinion of the Court, pursuant to 28 U.S.C. § 636(b)(1). For the reasons stated in the R&R, the Court remands this case to the ALJ for further proceedings.

**Accordingly**,

**IT IS ORDERED** that the Report and Recommendation (Doc. 24) is adopted as the opinion of the Court.

1 **IT IS FURTHER ORDERED** remanding this case for further administrative
2 proceedings.
3 **IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment
4 accordingly.
5 Dated this 27th day of July, 2021.

_____
Honorable David C. Bury
United States District Judge